BENÍTEZ FLORES, PLAINTIFF AND APPELLEE, *v.* BORINQUEN
TRADING CORPORATION, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in an
Action of Intervention.

No. 3006.—Decided July 9, 1924.

APPEAL—ERROR—BILL OF EXCEPTIONS—PRESUMPTION.—The appellant having as-
signed error on the part of the court ''in not disposing of the jurisdictional
question of failure to summon all of the parties in the main action,'' it·
should have stated the facts in a bill of exceptions or statement of the case·
prepared, settled and filed according to law.  Nothing to the contrary ap--
pearing from the record and the court having proceeded with the trial of
the case, it must be presumed that it decided the question so raised and
that its decision was correct.

ID.—ATTACHMENT—PREFERENCE—PERSONAL PROPERTY.—A vendor of personal
property has no right to attach the said property upon claiming the preference
referred to in section 1823 of the Civil Code after the purchaser has sold
and given the possession of it to another person, even assuming that it had
not been paid for in full.

ID.—BRIEFS—PROFESSIONAL ETHICS.—In their briefs counsel should limit them
selves to defending the rights of their clients without unnecessarily and
passionately indulging in personalities.

The facts are stated in the opinion.
*Messrs. Soto Gras & Siaca* for the appellant.
The appellee appeared *pro se.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The Borinquen Trading Corporation brought an action
against the unknown heirs of Octavio García Salgado to re-
cover $1,500, the balance due on an automobile sold by the
plaintiff to the ancestor of the defendants.

In order to secure the effectiveness of the judgment to
be rendered the automobile was attached and thereupon
Manuel Benítez Flores filed a complaint of intervention, al-
leging that the attached automobile was his property by
purchase from Octavio García Salgado, to whom he had
paid its price.

The action of intervention was tried and the court ren-
dered judgment in favor of the intervenor.  The Borinquen
Trading Corporation appealed and assigns error as follows:

"1.—The court erred in not disposing of the jurisdictional question of failure to summon all of the parties in the principal action.

"2.—The court erred in not considering the only defense of the appellant that the defendant knew that the automobile was sold by the appellant on instalments and that part of the price was unpaid, for which reason he was under obligation to pay the deferred part of the price, and besides, the appellee had directly bound himself to pay it."

In support of the first assignment the appellant cites section 11 of the Act of March 12, 1908, amending the Act of March 14, 1907, which provides that " * * * parties to the first suit shall always be parties in the suit to establish the rights of a third party," and also section 13 of the latter Act which prescribes that "the procedure and practice in the trial shall conform as nearly as practicable to the rules of civil procedure in force in Porto Rico," alleging that one of the parties to the principal action was not duly summoned, for which reason the action of intervention should have been summarily dismissed.

The record shows that when the complaint in intervention was filed the clerk of the court issued a summons to the parties to the suit and the summons was served on "Dr. Rafael Bernabe and Ramón H. Delgado, President of the Borinquen Trading Corporation." There is nothing else. The question was raised in the trial court and tacitly decided against the Borinquen Trading Corporation. If the corporation desired to prosecute an appeal it should have stated all of the facts in a bill of exceptions or statement of the case prepared, settled and filed according to law. Not having done so, the decision of the district court must be presumed to be correct, for until the contrary is shown it must be considered that Dr. Bernabe was summoned as the representative of the defendant heirs. It should be borne in mind that this was a second summons to parties over whom the court had already acquired jurisdiction and that section 11 of the Act cited by the appellant reads as follows:

"Sec. 11.—As soon as the secretary of the court shall have received the oath and bond, he shall notify all parties to the suit of such fact, who shall be required to appear after ten days' notice, and if, after such notice has been perfected, parties appear, the court shall direct an issue to be made in writing and tried ·as in other cases, and parties to the first suit shall always be parties in the suit to establish the rights of a third party." Acts of 1908, p. 83; sec. 5270, Comp. 1911.

In his .brief the appellee copies the first summons (that in the action of debt) and the return thereon in support of his contention that the first error assigned was not committed, but we can not give consideration to the said documents, because they were not filed in this court in accordance with the law.

A discussion of the second assignment requires the interpretation of section 1823 of the Civil Code, on which the appellant bases its right.

It reads in part as follows:

"Sec. 1823.—With regard to specified personal property of the debtor, the following are preferred:

"1.—Credits for the construction, repair, preservation, or for the amount of the sale of personal property which may be in the possession· of the debtor to the extent of the value of the same."

The appellant contends that that statute is the equivalent of the rule prevailing in the States of the Union in which the civil law governs, which is summed up in Ruling Case Law as follows:

"Under the civil law, which is recognized in Louisiana, the seller of movable personal property has a lien for the price in case of a sale on credit, while the property remains in the possession of the buyer." 24 R.C.L. 126.

The appellant concludes by saying that as it sold the automobile to Octavio García Salgado on instalments and this fact was known to Benítez Flores, the intervenor, there is a lien in its favor on the automobile for the balance due.

The language used by the Legislature of Porto Rico suffices to contradict the appellant's contention.

The statute says: "With regard to specified personal property *of the debtor,*" and further on: "Credits for * * * the amount of the sale of personal property *which may be in the possession of the debtor.*" Was the automobile in this case the property of García Salgado, the debtor, or was it in his possession? No; for he had sold it to another person, Manuel Benítez Flores, who at the time of the attachment had it in his possession, he using it and driving it himself. Hence, the statute can not apply.

Notwithstanding the fact that the appellant presents its case in the manner that we have seen in the second and last assignment of error, yet it proceeds to analyze the evidence and claims that it does not show that the intervenor paid the whole purchase price. If there was a consummated sale, the fact that a part of the price was due is of no importance. The credit that the debtor had could have been attached, but not the automobile. By reason of the sale the automobile had ceased to be the property of the debtor. Our statute does not place on an equal footing the preference established in section 1823 concerning specified personal property and a mortgage on real property which follows it however many times it may be conveyed, "as the shadow follows the substance."

By virtue of the foregoing, and considering the pleadings, the evidence and the weighing of the latter by the trial court, the appeal must be dismissed and the judgment appealed from affirmed in all particulars.

Something remains to be said about a motion of the appellant to strike from the record the appellee's brief and a motion of the appellee to strike out the said motion of the appellant.

Much rancor has been displayed in the prosecution of this action and this appeal. Not only in the brief of the appellee but also in the brief of the appellant have been

used arguments and language of a personal nature that are entirely unnecessary; more openly and violently in the appellee's brief and more veiledly but not less intensely in that of the appellant.

Considering all of the circumstances, we are of the opinion that both motions should be overruled, but the court must censure any departure from the good practice of limiting the discussion to the facts and the law without unnecessarily and passionately indulging in personalities.

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.